**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-41678
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

DAVID MENDOZA-SALINAS,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:02-CR-1495-ALL
--------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judge:

PER CURIAM:*

        David Mendoza-Salinas appeals his jury-trial conviction of one count of possession with intent

to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B).

---

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mendoza-Salinas argues that he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to conflict-free counsel. He contends that the district court erred in failing to conduct an adequate hearing pursuant to United States v. Garcia, 517 F.2d 272, 278 (5th Cir. 1975), to determine whether any conflict of interest might exist or arise because of his employer's payment of his legal fees. He argues further that the district court erred in failing to conduct a second Garcia hearing when a potential conflict became apparent during the sentencing hearing. Mendoza-Salinas has failed to demonstrate the possibility that his counsel had conflicting loyalties was sufficiently apparent to impose a duty upon the district court to conduct a Garcia hearing. See Wood v. Georgia, 450 U.S. 261, 272 (1981); United States v. Carpenter, 769 F.2d 258, 263 (5th Cir. 1985).

For the first time on appeal, Mendoza-Salinas argues that improper comments made by the prosecutor during closing argument at trial warrant reversal of his conviction. The prosecutor's remarks did not involve an expression of the prosecutor's personal opinion. See United States v. Davis, 831 F.2d 63, 67 (5th Cir. 1987). Moreover, the prosecutor's remarks were permissible because the prosecutor merely recounted conflicting evidence in the record to the jury and then attempted to persuade the jury to conclude that Mendoza-Salinas had been untruthful in his testimony based on that evidence. See United States v. Washington, 44 F.3d 1271, 1278-79 (5th Cir. 1995). Furthermore, the district court's jury instructions were sufficient to cure any prejudice. See United States v. Ramirez-Velasquez, 322 F.3d 868, 875 (5th Cir.), cert. denied, 540 U.S. 840 (2003). There is no plain error.

Finally, also for the first time on appeal, Mendoza-Salinas argues that, pursuant to the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Government was obliged to, but did not, prove to the jury beyond a reasonable doubt that he knew that he possessed

the particular type of controlled substance at issue in this case. He concedes that this argument is foreclosed by our opinion in United States v. Gamez-Gonzalez, 319 F.3d 695, 700 (5th Cir.), cert. denied, 538 U.S. 1068 (2003), which held that knowledge of the drug type and quantity is not an element of the offense, and he raises the issue only to preserve it for Supreme Court review. Mendoza-Salinas's argument is indeed foreclosed. See Gamez-Gonzalez, 319 F.3d at 700.

Accordingly, the judgment of the district court is AFFIRMED.