United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-41678
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MENDOZA-SALINAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States Supreme Court granted defendant-appellant David Mendoza-Salinas's

petition for certiorari, vacated this court's previous judgment, and remanded the case to this court

for reconsideration in light of its ruling in *United States v. Booker*, 543 U.S. 220 (2005). *Mendoza-*

*Salinas v. United States*, 544 U.S. 1047 (2005).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PROCEDURAL HISTORY

A jury convicted Mendoza-Salinas of possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). Pursuant to U.S.S.G. § 2D1.1(c)(5), the Presentence Report assigned an offense level of thirty based on 866.37 kilograms of marijuana and criminal history category of I. The Guidelines range required ninety-seven to 121 months of imprisonment. The district court sentenced Mendoza-Salinas to ninety-eight months of imprisonment and five years of supervised release.

Mendoza-Salinas raised three issues on appeal to this court: (1) the district court's failure to conduct an evidentiary hearing on waiver of conflict-free counsel; (2) the government's plain error in expressing a personal opinion regarding the credibility of Mendoza-Salinas in closing arguments; and (3) the government's failure to prove that Mendoza-Salinas knowingly possessed the particular type and quantity of controlled substance at issue in this case. On January 5, 2005, we affirmed his conviction and sentence. *United States v. Mendoza-Salinas*, 119 F. Appx' 637 (5th Cir. 2005) (unpublished).

In his petition for writ of certiorari, filed on April 5, 2005, Mendoza-Salinas for the first time argued that his sentence should be reversed, or in the alternative, vacated and remanded for further consideration in light of *Booker.* The Supreme Court granted his petition for writ of certiorari, vacated our earlier judgment, and remanded the case for our reconsideration.

FURTHER CONSIDERATION IN LIGHT OF *BOOKER*

Pursuant to our instructions, the parties filed briefs on *Booker*'s affect upon the sentence imposed by the district court. Mendoza-Salinas acknowledges that he did not present any *Booker* challenges before the district court or this court on direct appeal. Absent extraordinary

circumstances, we may not review *Booker* issues raised for the first time in a petition for certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). Assuming arguendo that Mendoza-Salinas presented *Booker* arguments before this court on direct appeal, we would review the district court's judgment for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). To demonstrate plain error, a party must establish: (1) an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. *Id.* If the foregoing elements are satisfied, a reviewing court may then use its discretion to find plain error only if: (4) the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

The imposition of a sentence under a mandatory application of the Guidelines, even without a Sixth Amendment violation, is plain error. *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Therefore, Mendoza-Salinas meets the first two prongs of the plain error test. To satisfy the third prong, we must determine "whether [Mendoza-Salinas] demonstrated that the sentencing judge-sentencing under an advisory scheme rather than a mandatory one-would have reached a significantly different result." *Mares*, 402 F.3d at 521. The district court made no indication that Mendoza-Salinas would have received "a lesser sentence if it [the court] was not bound by the Guidelines." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir.), *cert. denied*, 126 S. Ct. 641 (2005). The district court instead insinuated that the imposed sentence fell below the proportionate amount of marijuana attributed to Mendoza-Salinas's criminal offense.

Because Mendoza-Salinas fails to show plain-error, he also fails to meet "the much more demanding standard for extraordinary circumstances" necessary to review an issue raised for the first

time in a petition for certiorari. *Traylor*, 409 F.3d at 677. Mendoza-Salinas also argues that the *Booker* error should be deemed structural or presumptively prejudicial. Under the *Olano* test, however, the defendant bears the burden of persuasion with respect to prejudice. *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)). Furthermore, this Circuit has rejected these claims in similar contexts. *See, e.g.,United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005); *United States v. Malveaux*, 411 F.3d 558, 561 n.9 (5th Cir. 2005). Accordingly, we affirm Mendoza-Salinas's sentence.