Thomas Gray **DUNLAP**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 72–1493

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 27, 1972.

John Brent Tarlton, Jr., Inmate, writing for: Thomas Gray Dunlap, pro se.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Dunlap appeals the district court's denial of his motion to vacate judgment and sentence, filed pursuant to 28 U.S.C. § 2255. We vacate and remand the case for further proceedings.

On December 4, 1967, the appellant appeared with his attorney in the United States District Court for the Southern District of Georgia, Augusta Division, and pled guilty to an indictment charging him with transporting a falsely made security in interstate commerce. He was sentenced on the same date to serve a two-year sentence, commencing upon his release from state confinement.

He now challenges the validity of this conviction on the ground that his plea of guilty was entered without a full understanding of the consequences of his plea. The district court found that although Dunlap was not apprised of the maximum imposable sentence by the court at his arraignment, nevertheless "he had been independently advised by his counsel of the maximum punishment for the offense."

Although the law now requires the court to properly inform the defendant, in this case the guilty plea was entered prior to April 2, 1969, the effec-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

tive date of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and the district court could hold that the plea was valid if it could be shown that prior to pleading guilty the appellant was made aware of the possible consequences of the plea from any source whatsoever. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

There is no doubt that the court failed to instruct Dunlap as to the possible consequences of his guilty plea. The transcript shows that after starting to advise Dunlap, the trial judge was interrupted, and then, perhaps inadvertently, failed to complete his statement.

In an attempt to prove that Dunlap was nevertheless in fact apprised of the possible consequences of his plea before he pled guilty, the respondent filed an answer to the motion to vacate, attaching thereto an affidavit of the attorney who represented Dunlap at the arraignment. The affidavit states:

> "That prior to this appearance in Court I talked with the defendant concerning the federal charges against him and informed the defendant that based on the fact he had a record the judge would probably sentence him for a period of confinement in the penitentiary. However, I told the defendant that in the event confinement was imposed that I would make every effort to have the Court order that confinement to run concurrently with the state sentence he was then serving but that no assurances could be given.

> "It is my belief that based on my discussions with the defendant, Thomas Gray Dunlap, that he was aware of the fact it was most probable he might be required to serve 'time' as a result of committing the federal offense."

Nowhere in the affidavit does the attorney state that the appellant was advised of or knew the maximum penalty imposable for the offense. Therefore, the conclusion of the district court that the affidavit refuted Dunlap's claim that he pled guilty without an understanding of the consequences is unwarranted.

■ This court has consistently held that in the event a defendant enters his guilty plea without full knowledge of the maximum consequences thereof, his plea is invalid and must be set aside. Wells v. United States, 452 F.2d 1001 (5th Cir. 1971); United States ex rel. Hill v. United States, 452 F.2d 664 (5th Cir. 1971); Fortia v. United States, 456 F.2d 194 (5th Cir. 1972). Because the record in this case fails to disclose any evidence that Dunlap was aware of the maximum imposable sentence prior to entry of his guilty plea, we must remand the cause to the district court for further findings and an evidentiary hearing if necessary.

Vacated and remanded.