IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-30013
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GARCIA-LOPEZ, also known as Jose Lopez-Garcia, also known as
Alejandro Mosso-Castillo

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-199-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Garcia-Lopez pleaded guilty to violating 8
U.S.C. § 1326 by illegally reentering the United States following deportation.
After enhancing Garcia-Lopez's offense level by 16 levels because of his prior
conviction for second-degree burglary under ARIZ. REV. STAT. ANN. § 13:1507, the
district court sentenced Garcia-Lopez to 78 months imprisonment. On appeal
he contends that his Arizona conviction was not for a crime of violence (COV)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

within the meaning of U.S.S.G. § 2L1.2 because it was neither for an offense enumerated in that Guideline nor for an offense that has as an element the use, attempted use, or threatened use of physical force against the person of another. Garcia-Lopez asserts that second-degree burglary under Arizona law does not fit into the generic, contemporary meaning of burglary as defined by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). He claims that the Arizona statute is too expansive for two reasons: (1) It encompasses the situation in which a defendant does not form the intent to commit a crime until after he has entered a building or other structure and (2) it encompasses burglaries of buildings that are no longer dwellings.

As Garcia-Lopez did not raise this issue below, we review for plain error. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997). The determination whether the district court plainly erred in enhancing a sentence depends on "how this court and other courts interpreted [the Guideline]" at the time of sentencing. United States v. Garcia-Rodriguez, 415 F.3d 452, 455 (5th Cir. 2005).

In Arizona, "[a] person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or felony therein." ARIZ. REV. STAT. ANN. § 13:1507. In United States v. Bonat, 106 F.3d 1472, 1475 (9th Cir. 1997) (involving enhancement under the Armed Career Criminal Act), the Ninth Circuit observed, however, that Arizona's courts had broadened the statute to allow for conviction if criminal intent was formed after entering a residential structure or if entry was privileged. But see United States v. Cornelio-Pena, 435 F.3d 1279, 1282 (10th Cir. 2006) (citing both § 2L1.2 and the Arizona statute and remarking that it is "uncontested that burglary of a dwelling is a crime of violence"). We have not previously decided whether a district court may enhance a sentence based on a

prior conviction of second-degree burglary under Arizona law. As the law of this circuit was thus uncertain at the time of Garcia-Lopez's sentencing, any error by the district court in enhancing Garcia-Lopez's sentence could not have been plain. Garcia-Rodriguez, 415 F.3d at 455-56.

AFFIRMED.