**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 07-10177

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES M. DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:05-CR-4

Before DAVIS, SMITH, and DeMOSS, Circuit Judges

PER CURIAM:[*]

James Davis pleaded guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced to the statutory minimum of fifteen years' imprisonment under the Armed Career Criminal Act ("ACCA"), 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 924(e). The sentence was based in part on Davis's Arizona convictions of second-degree burglary in violation of ARIZ. REV. STAT. ANN. § 13-1507, which the district court deemed "violent felonies" under § 924(e)(2)(B)(ii). *Id.*

Davis appealed, and we issued two non-dispositive opinions. *See United States v. Davis*, 530 F.3d 318, 319 (5th Cir. 2008) (per curiam); *United States v. Davis*, 291 F. App'x 563 (5th Cir. 2008) (per curiam). As requested, we received supplemental briefs.

Davis contends that his Arizona convictions were not for violent felonies under § 924(e)(2)(B)(ii), because second-degree burglary under Arizona law does not fit within the generic, contemporary meaning of burglary as defined in *Taylor v. United States*, 495 U.S. 575 (1990). Because Davis did not raise this issue below, we review for plain error. *See United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997). Plain error review has four steps. *Puckett v. United States*, 2009 U.S. LEXIS 2330, at *11-*12 (U.S. Mar. 25, 2009). We "may reverse only if: (1) there was error (2) that was clear and obvious and (3) that affected a defendant's substantial rights." *Id.* If these elements are present, we have the "discretion to correct the error if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted). If existing law is unsettled regarding an alleged error, the alleged error is not clear or obvious. *United States v. Salinas*, 480 F.3d 750, 756, 759 (5th Cir. 2007).

"[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Under Arizona law, "[a] person commits burglary in the second-degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." ARIZ. REV. STAT. § 13-1507(A).

2

On its face, the Arizona statute is indistinguishable from the generic contemporary definition of burglary adopted in *Taylor*. Indeed, the Tenth Circuit cited § 13-1507 and concluded that it is "uncontested that burglary of a dwelling is a crime of violence" under the federal sentencing guidelines. *United States v. Cornelio-Pena*, 435 F.3d 1279, 1282 (10th Cir. 2006). The definition of "violent felony" under § 924(e)(2)(B) is identical to the definition of "crime of violence" as used in the sentencing guidelines. *United States v. Mohr*, 554 F.3d 604, 609 (5th Cir. 2009).

In *United States v. Bonat*, 106 F.3d 1472, 1475 (9th Cir. 1997), however, the court observed that Arizona's courts had broadened the definition of burglary to allow for a conviction if the intent to commit a crime was formed after entry into a residential structure or if entry was privileged. If it is assumed that the Ninth Circuit's assessment of Arizona jurisprudence on the formation of intent is correct, that assessment nonetheless has no significance unless one first concludes that the definition of generic burglary requires that a defendant form the intent to commit a crime before entering a structure. *Taylor* contains no explicit requirement, and such a requirement would be inconsistent with the "remaining in" aspect of *Taylor*'s definition. Since deciding *Bonat*, the Ninth Circuit has expressed doubt about a requirement of intent upon entry.[1] "To hold [that intent must be formed prior to entry] would render *Taylor*'s 'remaining in' language surplusage."[2]

We have suggested that generic burglary requires the defendant to have formed an intent to commit a crime before entering the premises. *See United States v. Herrera-Montes*, 490 F.3d 390, 392 & n.2 (5th Cir.), *cert. denied*, 128

---

[1] *See United States v. Reina-Rodriguez*, 468 F.3d 1147, 1155 (9th Cir. 2006) (noting that *Taylor* requires only that the defendant form the intent to commit a crime while unlawfully remaining on the premises), *overruled on other grounds by United States v. Grisel*, 488 F.3d 844, 851 n.5 (9th Cir.), *cert. denied*, 128 S. Ct. 425 (2007).

[2] *Id.*

S. Ct. 410 (2007). *Herrera-Montes*, however, did not concern "remaining in" a structure, and we have not had occasion to reconcile the "remaining in" aspect of *Taylor* with a requirement for intent at the time of entry. *Bonat* does not establish that it was a clear or obvious error for the district court to have treated Arizona second-degree burglary as generic burglary under *Taylor*.[3]

Davis contends that the Arizona statute is broader than generic burglary, because it allows a conviction based on burglary of a vehicle. Section 13-1507 proscribes "entering or remaining unlawfully in or on a residential structure." § 13-1507(A). The definition of "residential structure" includes vehicles only if they are "adapted for both human residence and lodging." § 13-1501(11), (12). Such statutes describe generic burglary where they apply to vehicles when used as residences or habitations.[4] Davis shows no clear or obvious error regarding Arizona's definition of "residential structure."

The judgment is AFFIRMED.

---

[3] *See United States v. Garcia-Lopez*, 262 F. App'x 584, 585 (5th Cir. 2008) (holding that it was not plain error to treat a violation of § 13-1507 as generic burglary under *Taylor* because the law was unsettled).

[4] *See United States v. Murillo-Lopez*, 444 F.3d 337, 339-45 (5th Cir. 2006) (California statute); *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005) (Texas); *United States v. Cordoba-Posos*, 295 F. App'x 651, 655 (5th Cir. 2008) (Illinois).