REVISED February 2, 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2011

Lyle W. Cayce
Clerk

No. 09-50317

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID WAYNE GARLAND

Defendant- Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant David Wayne Garland appeals after his guilty plea conviction for conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 21 U.S.C. § 846. Garland's counsel has filed a motion to withdraw and a brief that relies on Anders v. California, 386 U.S. 738 (1967), stating that the appeal is without merit. Because the brief filed in this case is wholly inadequate we deny the motion to withdraw at this time, carry it with the case and order supplemental briefing. The motion by the appellant to appoint counsel is moot.

I.

Garland pled guilty without a plea agreement to one count of conspiracy to possess with intent to distribute crack cocaine. Garland was arrested after he facilitated a drug buy made by investigators with the Waco Police Department. Garland did not object to the pre-sentence report, although he did suggest that his criminal history was over-represented and requested the court to impose a sentence below the recommended guideline range of 151 to 188 months. The district court sentenced Garland to 151 months imprisonment and Garland appeals.

II.

Garland's counsel has filed a motion to withdraw and a brief based on Anders. We write to clarify the standard for determining whether to accept a motion from a criminal defendant's lawyer to withdraw from representing the defendant on appeal on the basis that there are no nonfrivolous grounds for appeal under Anders, and in doing so to reiterate the minimum standards for an adequate Anders brief.

The directive in Anders is clear. Rather than simply filing a brief that is little more than a no-merits letter,

> Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

Anders v. California, 386 U.S. 738, 744 (1967). More than thirty years ago, we directed counsel filing an Anders brief that "Anders requires counsel to isolate possibly important issues and to furnish the court with references to the record

and legal authorities to aid it in its appellate function." United States v. Johnson, 527 F.2d 1328, 1329 (5th Cir. 1976).

The Fifth Circuit's website provides a detailed checklist and outline for Anders briefs for guilty pleas and for bench or jury trials. See http://www.ca5.uscourts.gov. The guidelines and checklist are under the "Attorney Information Section." This checklist is designed to assist counsel in preparing a brief that will satisfy the standards of Anders in this circuit.

Counsel obviously has broad discretion in the preparation of his brief. For example, he can cover the material set forth in the checklist in narrative form, or cut and paste the outline from the checklist and answer the questions called for in it. No particular form of brief is required. The point is that counsel should demonstrate that he has considered the issues set forth in the checklist to the extent they apply to her case. This will assist our review of the brief to determine whether it is adequate.

Barring unusual circumstances in the proceedings, a brief submitted by an attorney considering the issues set forth in the checklist and addressing the areas of inquiry appropriate to his case will be facially adequate, meaning that it meets both the requirement placed on counsel to "support his client's appeal to the best of his ability," Anders, 386 U.S. at 744, and "to act with candor [to the court] in presenting claims for judicial resolution," McCoy v. Court of Appeals, Dist. 1, 486 U.S. 429, 440 (1988). As we decided in a companion Anders case also issued today, United States v. Flores, No. 09-41281, if counsel submits a brief meeting this standard, we will no longer independently scour the record looking for nonfrivolous issues.

All counsel should utilize the checklist to ensure that criminal appeals are adequately defended, and to conserve the resources of counsel and the court by avoiding orders like the one we must issue in this case, requiring counsel to redo the appellate brief. In addition, to fully comply with Anders, counsel must

provide a copy of his brief to the defendant and the brief should include in the Certificate of Service a statement that this requirement has been complied with. Anders, 386 U.S. at 744.

The brief in this case fails to satisfy these standards. The brief is entirely conclusory and contains no meaningful discussion of the district court proceedings or any potential issues for appeal. If counsel had followed the Anders Case Guidelines as a checklist for preparing his brief, it would have led him to address several points of potential concern.

Because the defendant pled guilty, the checklist would have guided counsel to review the plea colloquy and consider whether the dictates of Rule 11 were followed. The Anders Case Guidelines would also have led counsel to address in further detail the sentencing of the defendant. The brief in this case states that the defendant suggested to the court that his criminal history was over-represented, given the nature of his prior convictions, but provides no facts about those prior convictions or any assessment of the validity of this challenge or citation to relevant case law. Counsel also failed to address the sentencing proceedings and their compliance with Rule 32. The brief contains only a two-sentence statement that the guideline range was calculated correctly, there were no objections, and appellant was sentenced at the bottom of the guideline range, leaving nothing to review.

The record also reflects that Garland has exercised his option to file a brief after receiving a copy of the brief filed by appointed counsel. In that brief, Garland raises issues relating to his characterization as a career offender and the associated question whether he was adequately and fully advised of his rights before entering a guilty plea. In addition he challenges the imposition of a fine with inadequate factual findings as to his financial resources. Without expressing any opinion as to the merits of these issues, we note that they are

possible grounds for inquiry when counsel makes another attempt to comply with Anders.

III.

Accordingly, we ORDER counsel for Garland to file within 30 days a supplemental brief that comports with Anders following the guidelines set forth above or, in the alternative, a brief on the merits addressing any nonfrivolous issues that counsel deems appropriate. If counsel files a supplemental Anders brief, he should demonstrate that he has addressed the issues listed on the Anders checklist found on this court's website at http://www.ca5.uscourts.gov insofar as it applies to his case, to assist the court in its review.

The motion to withdraw is CARRIED with this case. Counsel should move to withdraw this motion if a merits brief is filed.[1]

---

[1] We have incorporated a number of changes in the opinion suggested by other judges on the court and, with those changes, all active judges have assented.