# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2012

No. 11-20741

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO RODRIGUEZ ARIAS,
also known as Roberto Rodriguez,
also known as Roberto Rodriguez-Arias

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-127-1

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

The court has considered this appeal on the basis of the briefs and the record and AFFIRMS the conviction and sentence but REMANDS the judgment solely to reform the identity of the statute under which the defendant was convicted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20741

Following the precedent set forth in *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), the offense here was a § 1326(b)(1) violation rather than a § 1326(b)(2) violation.  The original imposition of deferred adjudication probation, albeit for aggravated assault with a deadly weapon, did not qualify as an offense with a term of imprisonment of one year or more.  Therefore, the defendant was guilty of a pre-deportation *felony* rather than a pre-deportation *aggravated felony*.  While the current case has the additional concern of the defendant's probation being revoked after he was deported and illegally re-entered, the government's relation-back argument is without merit.  The later probation revocation is irrelevant to the application of § 1326.  The conviction giving rise to a § 1326 count must be evaluated at the time of deportation, not following removal.  This error was plain, and its correction amounts to little more than a clerical alteration of the conviction records.

The sentence imposed by the district court, however, took mitigating factors into account to justify a downward departure from the sentencing guidelines and was reasonable with respect to the violation actually committed— § 1326(b)(1).  The sentence is therefore left undisturbed.

The conviction and sentence are **AFFIRMED**, but the case is **REMANDED** for reformation of the conviction statute in the district court records.