### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

No. 14-40667
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NINO RODRIGUEZ, also known as Nino Ruben Rodriguez, also known as
Ruben Rodriguez-Nino, also known as Ruben Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-191-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2003, in Texas state court, Defendant-Appellant Nino Rodriguez
pleaded guilty to aggravated assault with a deadly weapon, a second degree
felony under Texas law, *see* TEX. PENAL CODE § 22.02, and was placed on
deferred adjudication community supervision. His deferred adjudication was
revoked in 2004 and he was deported in 2006. In 2014, in federal district
court, Rodriguez pleaded guilty to illegal reentry subsequent to deportation.
*See* 8 U.S.C. § 1326(b). The district court sentenced him to forty-six months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

in prison and three years of supervised release.   Rodriguez then filed a timely notice of appeal.

Counsel appointed to represent Rodriguez on appeal has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).   We have reviewed counsel's brief and the relevant record reflected therein. Although we concur with the counsel's assessment that the appeal presents no non-frivolous issue for appellate review with regard to most of the issues directly addressed in the *Anders* brief, the brief fails to adequately address two issues:   (1) whether Rodriguez was properly convicted and sentenced under § 1326(b)(2), which carries a maximum twenty-year prison term, rather than under § 1326(b)(1), which carries a maximum ten-year prison term; and (2) whether the district court erred in calculating Rodriguez's criminal history score under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4A1.2(k), which resulted in a criminal history score of three, rather than under § 4A1.2(f), which would have resulted in a criminal history score of one.

First, counsel's *Anders* brief fails to adequately address whether the district court erred when it sentenced Rodriguez under § 1326(b)(2).   The presentence report (PSR) stated that under § 1326(b)(2) Rodriguez was subject to a *twenty-year* maximum sentence for reentry of a removed alien whose removal was subsequent to a conviction of an "aggravated felony."   The final judgment also cites § 1326(b)(2) as the sentencing statute.   Unlawful reentry of a removed alien whose removal was subsequent to a conviction of a felony, as opposed to an aggravated felony, is sentenced under § 1326(b)(1), which carries a *ten-year* maximum sentence, as opposed to the twenty-year maximum sentence of § 1326(b)(2).   *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).   For Rodriguez's Texas conviction to qualify as a conviction of an "aggravated felony" under § 1326(b)(2), it must have resulted

in a term of imprisonment of at least one year.   *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" for purposes of, *inter alia,* § 1326).   We have held that because "[d]eferred adjudication probation in Texas does not impose a sentence of imprisonment, and thus does not involve a 'term of imprisonment,'" deferred adjudication cannot be considered a conviction of an aggravated felony under § 1326(b)(2).   *Mondragon-Santiago*, 564 F.3d at 368-69; *United States v. Arias*, 481 F. App'x 234, 235 (5th Cir. 2012) (unpublished) (applying *Mondragon-Santiago* and reasoning that revocation of a deferred adjudication is irrelevant for purposes of § 1326(b)(1)).

Counsel's *Anders* brief fails to analyze whether the district court properly applied § 1326(b)(2) instead of § 1326(b)(1).   Instead, counsel suggests that an appeal of the issue would be frivolous because, even if the district court should have applied § 1326(b)(1), the sentencing statute had no impact on the sentence the district court ultimately imposed.[1]   But, if Rodriguez was improperly convicted under a statute with double the sentencing exposure of the properly applicable statute, it may call into question the voluntariness of Rodriguez's guilty plea and the corresponding validity of Rodriquez's waiver of his right to appeal his guilty plea.[2]   *See Dunlap v.*

---

[1] Counsel's *Anders* brief does adequately address the district court's decision not to apply the more lenient § 1326(a), which carries a two-year maximum sentence.   In a single sentence at the conclusion of that analysis, counsel notes that "there is no indication in the record that Mr. Rodriguez's alleged status as an 'aggravated felon' had any impact at all on his sentence, and his forty-six-month prison sentence is well below the ten-year statutory maximum even for an offense under 8 U.S.C. § 1326(b)(1)."   This one-sentence conclusion is inadequate to allow for meaningful review of this issue.   *See Anders*, 386 U.S. at 742-43; *United States v. Garland*, 632 F.3d 877, 880 (5th Cir. 2011).

[2] Counsel's *Anders* brief pretermits discussion of Rodriguez's guilty plea in light of Rodriguez's written confirmation in the record that he wishes only to appeal his sentence and not his conviction.   *See Garcia v. United States*, 483 F.3d 289, 291 (5th Cir. 2007) (holding that counsel may only pretermit analysis of a guilty plea in an *Anders* brief with documented confirmation that the defendant decided to forgo a challenge to the plea).   Whether Rodriguez knowingly and voluntarily waived his right to appeal his plea, notwithstanding the documentation of Rodriguez's waiver, may depend on whether the district court

*United States*, 462 F.2d 163, 164 (5th Cir. 1972) ("[I]n the event a defendant enters his guilty plea without full knowledge of the maximum consequences thereof, his plea is invalid and must be set aside."). The PSR available to Rodriguez when he entered his guilty plea may have employed an incorrect sentencing statute, and if so, Rodriguez may not have been aware of the maximum consequences of that guilty plea. Therefore, there may be a non-frivolous argument on appeal that Rodriguez did not knowingly and voluntarily plead guilty or waive his right to appeal his plea. *See Baty*, 980 F.2d at 979-80; *Dunlap*, 462 F.2d at 164.

Second, counsel's *Anders* brief fails to address whether the district court applied the proper U.S.S.G. provision when it calculated Rodriguez's criminal history score. The court applied § 4A1.2(k), entitled "Revocations of Probation, Parole, Mandatory Release, or Supervised Release." Applying § 4A1.2(k), the district court "add[ed] the original term of imprisonment"—which it set as zero years for the deferred adjudication community supervision—"to any term of imprisonment imposed upon revocation" to calculate the total term of imprisonment, yielding a criminal history score of three. *See* § 4A1.2(k)(1). Arguably, a plain reading of the guidelines suggests that deferred adjudications should be treated under § 4A1.2(f), which is entitled "Diversionary Dispositions" and covers diversions of the judiciary process such as deferred adjudications, rather than under § 4A1.2(k), which expressly contemplates an "original term of imprisonment" that is not present in a deferred adjudication. Had the court applied § 4A1.2(f) rather than § 4A1.2(k), the guidelines would have yielded a criminal

---

erroneously sentenced Rodriguez under a subsection of the statute that carries a higher maximum sentence than Rodriguez should actually have been exposed to. *See, e.g.*, *United States v. Baty*, 980 F.2d 977, 979-80 (5th Cir. 1992) ("[The defendant] did not effectively waive her right to appeal because she did not understand the consequences of the waiver when she pled guilty.").

history score of one.   Although our precedent does not dictate which one of these two subsections applies here and plain error review sets a high bar for the appellant to overcome, counsel seeking to withdraw under *Anders* must provide some basis in the *Anders* brief for this court to review whether a non-frivolous issue exists with respect to how the district court calculated the guideline range.   *See Garland*, 632 F.3d at 880.   Counsel has failed to meet that minimum standard here because the *Anders* brief omits any discussion of this issue.   *See id.*

In sum, after review of the relevant portions of the record, we find that there may be non-frivolous issues on appeal that counsel failed to adequately brief.   We do not decide today whether Rodriguez will be able to establish, under plain error review, that the district court's sentencing errors were clear or obvious and affected Rodriguez's substantial rights, *Puckett v. United States,* 556 U.S. 129, 135 (2009), or that Rodriguez's guilty plea was not knowing and voluntary.   However, when considering counsel's motion to withdraw under *Anders*, "the question before us is not whether [the defendant] is likely to prevail . . . , but instead only whether there is a non-frivolous []argument that even can be offered." *See, e.g., United States v. Davis*, 291 F. App'x 563, 567 (5th Cir. 2008) (unpublished).

Accordingly, counsel is directed to file supplemental briefing under *Anders* to address these issues or, in the alternative, file a merits brief. Counsel's motion for leave to withdraw is DENIED, subject to our reconsideration of counsel's supplemental briefing consistent with this opinion.