# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2019

Lyle W. Cayce
Clerk

No. 18-41171
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EMMANUEL RAVELL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-854-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Emmanuel Ravell does not challenge his guilty-plea conviction for possession, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. On the other hand, he challenges his sentence—300 months' imprisonment and five years' supervised release—claiming: the district court erroneously calculated his criminal-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-41171

history score; and the court's oral sentencing pronouncement conflicts with the written judgment.

For the criminal-history issue, although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Ravell, however, did not preserve in district court his contention regarding the criminal-history calculation; therefore, review of this issue is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ravell must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

As relevant to this claim, Ravell had twice been sentenced to deferred-adjudication probation in Texas. In each instance, however, he subsequently violated the terms of his probation, was adjudicated guilty, and sentenced to terms of imprisonment. And in each instance, he had not been sentenced to an original term of imprisonment; instead, he received a prison sentence only following the court's revoking his deferred-adjudication probation. He claims,

No. 18-41171

therefore, that the court plainly erred by calculating his criminal history pursuant to Guideline § 4A1.2(k) because that Guideline requires the court's adding "the original term of imprisonment to any term of imprisonment imposed upon revocation".  U.S.S.G. § 4A1.2(k).

Our court has never decided this issue but, in the context of considering an *Anders* brief's sufficiency, has stated that "[a]rguably, a plain reading of the guidelines" supported a similar claim, because Guideline § 4A1.2(k) "expressly contemplates an 'original term of imprisonment' that is not present in a deferred adjudication".  *See United States v. Rodriguez*, 603 F. App'x 297, 300 (5th Cir. 2015).  The Guidelines' commentary, however, notes that § 4A1.2(k) "covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, *if any*, did not exceed one year and one month".  U.S.S.G. § 4A1.2 cmt. n.11 (emphasis added).  The "commentary is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline".  *United States v. Ramirez-Olvera*, 804 F.3d 700, 701 (5th Cir. 2015) (citation omitted).  At best, Ravell's claim is "subject to reasonable dispute" and, therefore, cannot constitute the requisite plain (clear or obvious) error.  *See Puckett*, 556 U.S. at 135 (citation omitted).

Regarding the claimed conflict between the oral pronouncement at sentencing and the written judgment, because Ravell did not have an opportunity to object to the judgment, whether it conflicts with the pronouncement is reviewed for abuse of discretion.  *United States v. Rivas-Estrada*, 906 F.3d 346, 348–49 (5th Cir. 2016) (citations omitted).  Where the oral pronouncement and written judgment vary, the former controls.  *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991) (citation omitted).  If the two conflict, the case generally is remanded to district court for it to amend the

written judgment to conform to the oral pronouncement. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

In this instance, the court stated orally that Ravell "must participate in a mental health treatment program and follow the rules and regulations of that program" while on supervised release. It then stated that, when he began his supervised release, he should be evaluated to determine the need for such mental-health treatment. Depending on the success of any treatment programs during his incarceration, the probation office could recommend the special condition requiring his participation "be lifted". As the Government concedes, the written judgment omitted the evaluation requirement and the probation office's ability to recommend lifting Ravell's mandatory participation; therefore, it conflicts with the oral pronouncement. Accordingly, as the Government also acknowledges, this case must be remanded for the limited purpose of the district court's conforming the written judgment to its oral pronouncement.

AFFIRMED; REMANDED for the limited purpose of the district court's conforming the written judgment to its oral pronouncement.