**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-40666

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO LOPEZ-CORONADO,

Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of Texas

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Defendant Osvaldo Lopez-Coronado pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a) but appeals the four level increase in his offense level at sentencing that counted his juvenile adjudications as felony convictions under the 2002 guidelines. We affirm. The defendant was fifteen years old in 1997 when the court found beyond a reasonable doubt that he committed the offenses of theft, unauthorized use of a vehicle,

and possession of marijuana. He was adjudged a delinquent and sentenced to one year probation. The following year, he was again adjudged a delinquent because he was guilty of unauthorized use of a vehicle and evading arrest. The court made its findings beyond a reasonable doubt and again sentenced the defendant to one year probation. Under the sentencing guidelines, these offenses are considered felony offenses as they were punishable for a term of imprisonment exceeding one year. U.S.S.G. § 4A1.2(o). In 2002, the defendant was deported and attempted to reenter the United States.

The guideline reads: "if the defendant previously was deported, or unlawfully remained in the United States, ** after ** a conviction for any other felony, increase [his base offense] by 4 levels."). U.S.S.G. § 2L1.2(b)(1)(D). The sentencing commission did not limit this conviction to an adult conviction as it has elsewhere. See, e.g., U.S.S.G. § 2K1.3, cmt. n.2 (determining the base offense level for unlawful receipt, possession or transportation of explosive materials using only adult convictions); U.S.S.G. § 2K2.1, cmt. n.5 (determining the base offense level for unlawful receipt, possession or transportation of firearms or ammunition using only adult convictions).

Juvenile adjudications count as convictions for criminal history purposes. See U.S.S.G. § 4A1.2(d)(2). This court has held a deferred adjudication under state law to be a conviction under § 2L1.2 where there was a finding beyond a reasonable doubt in a proceeding with adequate due process protections. United States v. Valdez-Valdez, 143 F.3d 196, 201 (5th Cir. 1998). This defendant received those procedures and protections.

2

After the defendant was sentenced, the guideline was amended in this respect. After November 1, 2003, the commentary to Application Note 1(A)(iv) of § 2L1.2 provides: "Subsection (b)(1) does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." The amendment was not included in the list of amendments to be applied retroactively. U.S.S.G. § 1B1.10(a), (c) (2003). Only clarifying amendments to the guidelines are applied retroactively. See United States v. Davidson, 283 F.3d 681, 684-85 (5th Cir. 2002). Because we read the 2002 guidelines as we do, the 2003 amendment was a substantive change and not a clarification.

AFFIRMED.