United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40906
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR DANILO GARCIA-RODRIGUEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before JONES, WIENER, and CLEMENT, Circuit Judges.

By EDITH H. JONES, Circuit Judge:

Defendant-Appellant Oscar Danilo Garcia-Rodriguez ("Garcia") appeals his sentence following his guilty plea for illegal reentry by a felon, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). The district court sentenced Garcia to thirty-seven months' confinement, a three-year period of supervised release, and a $100 special assessment. Garcia was sentenced on June 19, 2003, and Final Judgment was entered on June 24, 2003. Garcia's appeal contends, for the first time, that the court miscalculated the effect of his two probated felony drug convictions when applying U.S.S.G. § 2L1.2(b)(1)(B). Finding no plain error, we AFFIRM.

**Discussion**

Garcia raises four challenges to his sentence. First, Garcia claims the district court improperly imposed a twelve-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(B) because his prior California felony conviction for the sale or transportation of marijuana does not constitute a "drug trafficking offense for which the sentence imposed was 13 months or less" in light of existing precedent and a clarifying amendment to the 2002 Sentencing Guidelines. Second, Garcia contends the district court erred when it assessed one criminal history point for each of Garcia's two prior Texas misdemeanor theft convictions. Third, Garcia contends his Sixth Amendment rights were violated because he was sentenced under the mandatory Sentencing Guidelines regime. Finally, Garcia argues, solely for purposes of preservation of the argument pending Supreme Court review, that Apprendi v. New Jersey, 530 U.S. 466 (2001) should be interpreted to overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998).[1]

Because all of these challenges are raised for the first time on appeal, we review the claims only for plain error. United States v. Chung, 261 F.3d 536, 539 (5th Cir. 2001). This court finds plain error when: (1) there was an error; (2) the error was

---

[1] As Garcia concedes, this last argument is precluded by existing circuit precedent. See, e.g., United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

2

clear and obvious; and (3) the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 731-37, 113 S. Ct. 1770, 1776-79 (1993); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Mares, 402 F.3d (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).

Garcia's strongest claim of error is that the district court's interpretation of the Sentencing Guidelines improperly applied a twelve-level enhancement to his sentence because of his prior convictions. At the time Garcia was sentenced, the base offense level for unlawfully entering or remaining in the United States was eight. U.S.S.G. § 2L1.2(a) (2002). The Guidelines also required enhancements to this base level depending on the specific characteristics of the prior offense. For example, a sixteen-level enhancement is applied for a prior conviction for "a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." See id. at § 2L1.2(b)(1)(A)(i). A twelve-level enhancement is applied if the prior felony drug trafficking offense involved a sentence of thirteen months or less. Id. at § 2L1.2(b)(1)(B).

The district court applied the twelve-level enhancement based on Garcia's prior conviction in California for the sale or

3

transportation of marijuana, for which he was sentenced to concurrent terms of three years' probation. Garcia asserts that this application of § 2L1.2 was erroneous and that he should have received only an eight-level enhancement[2] because his prior probationary sentence does not fall within the scope of the twelve-level enhancement provision. He successfully completed his probationary sentence and thus spent no actual time in confinement, consequently, he contends that this punishment does not constitute a "sentence imposed" of thirteen months or less, as required by § 2L1.2(b)(1)(B).

Garcia's contention that zero time behind bars but three years on probation for an admitted felony is somehow not "13 months or less," while absurd at first blush, has some basis in the law. Garcia relies on Application Note 1(A)(iv) to § 2L1.2, which instructs that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." Thus, Garcia contends that because his

_____

[2]     Garcia claims that he should have received an eight-level enhancement instead of the twelve-level enhancement because, although he concedes his prior drug trafficking offense was an "aggravated felony," he did not serve any time in prison. § 2L1.2 requires an eight-level enhancement for "aggravated felonies." § 2L1.2(b)(1)(C); see also U.S.S.G. § 2L1.2, comment n.2 (explaining that for purposes of § 2L1.2(b)(1)(C), "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)"). Garcia concedes that 8 U.S.C. § 1101(a)(43) would define his California conviction as an "aggravated felony" under this provision of the Guidelines. If the district court had applied only an eight-level enhancement and calculated the rest of Garcia's Guideline range in the same manner, Garcia's imprisonment range would have dropped to twenty-four to thirty months instead of the thirty-seven to forty-six month imprisonment range determined by the district court.

4

entire sentence for the California conviction was probated, there is no sentence at all to consider under § 2L1.2, and the enhancement should not have been applied. Additionally, Garcia correctly notes that we are bound to the plain meaning of an Application Note unless it is inconsistent with the text of the Guideline. United States v. Urias-Escobar, 281 F.3d 165, 167 (5th Cir. 2002).

Moreover, in later amendments to § 2L1.2, effective November 1, 2003, the Sentencing Commission purported to clarify this Guideline with an amendment whose Application Note explains:

> "Sentence imposed" has the meaning given the term "sentence of imprisonment" in Application Note 2 and subsection (b) of § 4A1.2 (Definitions and Instructions for Computing Criminal History), without regard to the date of conviction. The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release.

U.S.S.G. § 2L1.2, comment n.1(B)(vii) (2003). Garcia contends that had he been sentenced under the amended § 2L1.2, the district court could not have applied the enhancement. Although Garcia was sentenced on June 19, 2003, we "may consider" later changes to the Guidelines "where . . . they are intended only to clarify a guideline's application." United States v. Fitzhugh, 954 F.2d 253, 255 (5th Cir. 1992).

The Government responds that, taken in context, this Application Note only refers to the calculation of sentences for revocation of parole or probation, not to whether imprisonment is required at all. Alternatively, if the Commission intended to

5

change the Guideline's scope, then its amendment affects substance, not clarity, and it cannot be retroactively applied. <u>United States v. Lopez-Coronado</u>, 364 F.3d 622, 623-24 (5th Cir. 2004).

We need not wade into this interesting debate. Assuming <u>arguendo</u> that the district court's application of § 2L1.2 was erroneous, whether viewed in light of the 2003 Amendment or not, the dispositive question is whether the error was plain. "'Plain' is synonymous with 'clear' or 'obvious,' and at a minimum, contemplates an error which was clear under current law at the time of trial." <u>United States v. Hull</u>, 160 F.3d 265, 271 (5th Cir. 1998) (quoting <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc)) (additional internal quotations and marks omitted). The key to this inquiry is how this court and other courts interpreted § 2L1.2 when the district court sentenced Garcia. Under plain error, if a defendant's theory "requires the extension of precedent, any potential error could not have been 'plain.'" <u>Hull</u>, 160 F.3d at 272.

In <u>United States v. Compian-Torres</u>, 320 F.3d 514 (5th Cir. 2003), this court considered whether a two-year sentence imposed by a state court upon revocation of the defendant's probation qualified as a "sentence imposed" exceeding thirteen months for purposes of the sixteen-level enhancement provision of § 2L1.2. We held that it was, and in so holding stated that "[t]he plain language of the Guideline and Comment would require the court to disregard the <u>probated</u> sentence (the ten-year terms), and <u>not</u> to

disregard the two years <u>imposed</u> upon revocation of probation." <u>Id.</u> at 516 (emphasis in original). While this language supports the view urged by Garcia, the parties did not dispute the exclusion of the probated sentences from the calculation. <u>Compian-Torres</u> is not controlling.

Moreover, the Second Circuit, in a more analogous case, has held against the proposition urged by Garcia. In <u>United States v. Mullings</u>, 330 F.3d 123 (2d Cir. 2003), the court held that a prior state court conviction for which the defendant was sentenced to a non-custodial monetary fine was subject to the twelve-level enhancement provision under § 2L1.2(b)(1)(B) as a sentence of "13 months or less." <u>Mullings</u>, 330 F.3d at 124. The Second Circuit concluded that the defendant's non-custodial sentence was in effect a sentence of "zero" months imprisonment, and that because zero is less than 13 months, the non-custodial sentence fell within the plain meaning of § 2L1.2(b)(1)(B). <u>Mullings</u>, 330 F.3d at 125. In dicta, the Ninth Circuit has adopted this reasoning. <u>See</u> <u>United States v. Hernandez-Valdovinos</u>, 352 F.3d 1243, 1249 (9th Cir. 2003) ("A sentence of probation, with or without the two months' incarceration, by definition is a sentence of 13 months or less.") (citing <u>Mullings</u> with approval).

This brief review of the legal landscape at the time of Garcia's sentencing demonstrates that if any error was committed by the district court at sentencing, it was far from "plain." Two courts of appeals had interpreted the relevant provision in the

7

same manner as the district court, and this court's law was unsettled. Because the purported error was not plain, we reject Garcia's contention.

Additionally, Garcia cannot prevail on his claim that the district court improperly included his two prior misdemeanor theft offenses in his criminal history score. Garcia cites no authority for his proposition, and further concedes that even if these two criminal history points were subtracted from his score, his criminal history score would have been properly categorized as a level IV. There was no plain error in the criminal history calculation. Cf. Hull, 160 F.3d at 271-72.

Finally, although Garcia was sentenced under the then-mandatory Sentencing Guidelines,[3] there was no plain error, because Garcia cannot demonstrate that the error affected his substantial rights.[4] See Mares, 402 F.3d at 520. The district court denied Garcia's request for a downward departure, and made no comments that could possibly indicate the district court would have imposed a lesser sentence if it was not bound by the Guidelines. Cf. United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).

**Conclusion**

---

[3] See generally United States v. Booker, 125 S. Ct. 738 (2005).

[4] Garcia raises this argument for the first time in a supplemental, 28(j) letter filed after briefing was complete. We have permitted other litigants to raise Booker challenges in this manner, so we address Garcia's claim as if it was raised in his opening brief and review for plain error. Cf. United States v. Akpan, 407 F.3d 360, 375 n.48 (5th Cir. 2005).

Garcia's conviction and sentence, and thus the judgment of the district court, are **AFFIRMED**.