United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MORALES-CORDOVA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-735-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Morales-Cordova appeals his sentence under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following conviction for an aggravated felony. The plea agreement between Morales-Cordova and the Government contains waiver language that may preclude appeal of his sentence. However, because Morales-Cordova cannot succeed on the merits of his claims, it is not necessary to resolve the waiver issue.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Morales-Cordova asserts that the district court's belief during sentencing that the United States Sentencing Guidelines were mandatory, rather than advisory, is reversible error under United States v. Booker, 125 S. Ct. 738 (2005). He asserts that the error is structural, or at least presumptively prejudicial.

We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th. Cir.), cert. denied, 126 S. Ct. 267 (2005). The error is not structural, and prejudice is not presumed. United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 11, 2005) (No. 05-6242).

In the alternative, Morales-Cordova asserts that he is entitled to reversal even under the plain error standard. However, he has failed to establish that the error affected his substantial rights. Although the district court sentenced him at the bottom of the applicable sentencing range, the court denied his request for a downward departure, and there is no indication that the judge would have issued a lesser sentence but for the mandatory Sentencing Guidelines. See United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005; United States v. Garcia-Rodriquez, 415 F.3d 452, 456 (5th Cir. 2005), petition for cert. filed (U.S. Sept. 27, 2005) (No. 05-6912). Therefore, he cannot demonstrate plain error.

Finally, Morales-Cordova asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  The Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), controls this issue.  We must follow Almendarez-Torres unless the Supreme Court overrules it.  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Accordingly, this issue is foreclosed.

The judgment of the district court is AFFIRMED.