United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41705
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN DE LEON-GARCIA,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-592-ALL
-------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben De Leon-Garcia appeals his sentence under 8 U.S.C. § 1326(a) and (b) for illegal

re-entry into the United States after having been deported following conviction for an aggravated

felony. For the following reasons, the judgment of the district court is AFFIRMED.

For the first time on appeal, De Leon-Garcia asserts that the district court's belief during

sentencing that the United States Sentencing Guidelines were mandatory, rather than advisory, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reversible error under *United States v. Booker*, 125 S. Ct. 738 (2005). He asserts that we should review the Fanfan error de novo. He also suggests that the error is structural, or at least presumptively prejudicial. However, we have firmly established that the plain error standard of review applies to a forfeited Fanfan error. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732 (5th Cir. 2005) (citing *United States v. Mares*, 402 F.3d 511, 513-14 (5th Cir. 2005), *cert. denied*, 74 U.S.L.W. 3203 (U.S. Oct. 3, 2005) (No. 04-9517)), *cert. denied*, 74 U.S.L.W. 3210 (U.S. Oct. 3, 2005) (No. 05-5556). The error is not structural, and prejudice is not presumed. *United States v. Martinez-Lugo*, 411 F.3d 597, 600-01 (5th Cir. 2005), *cert. denied*, 74 U.S.L.W. 3230 (U.S. Oct. 11, 2005) (No. 05-6242). Accordingly, these arguments are foreclosed.

In the alternative, De Leon-Garcia asserts that he is entitled to a reversal under the plain error standard. However, the Fanfan error did not affect his substantial rights. *See United States v. Bringier*, 405 F.3d 310, 317 n.4 (5th Cir. 2005), *cert. denied*, 74 U.S.L.W. 3209 (U.S. Oct. 3, 2005) (No. 05-5535); *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005). Therefore, he has failed to demonstrate plain error. *See Valenzuela-Quevedo*, 407 F.3d at 732-33.

Finally, De Leon-Garcia asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), controls this issue. We must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this issue is also foreclosed.

AFFIRMED.