# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-20407
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EVER ALEXANDER AMAYA-ARIAS, also known as Ever Alexander Amaya, also known as Ever Amaya-Arias

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-404-1

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ever Alexander Amaya-Arias (Amaya) appeals the 29-month sentence imposed following his guilty plea conviction for illegal reentry following deportation after a felony conviction. Amaya argues that the district court erred in treating two of his prior convictions as separate offenses when calculating his criminal history score under U.S.S.G. § 4A1.2(a)(2). Because Amaya did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object in the district court, review is for plain error. See United States v. Garcia-Rodriguez, 415 F.3d 452, 454 (5th Cir. 2005).

Amaya contends that the offenses at issue were related because he was sentenced for these two offenses on the same day, albeit under different cause numbers. When sentences for factually distinct offenses are imposed "on the same day and/or in the same proceeding," those offenses are not considered related under § 4A1.2. United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998). The district court did not commit error, plain or otherwise, in determining that Amaya's convictions were unrelated for the purpose of calculating his criminal history.

AFFIRMED.