**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-30418
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ANDINO-VALENZULEA, also known as Luis Andino-Valenzuela, also known as Luis Andino, also known as Marcel Borfirio, also known as Porfilio Trujullio-Jardin

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-376-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Andino-Valenzulea pled guilty to violating 8 U.S.C. § 1326 by illegally reentering the United States following deportation. After enhancing Andino-Valenzulea's offense level by 16 levels because of his prior conviction for aggravated battery under Georgia law, the district court sentenced Andino-Valenzulea to 46 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal he contends that his Georgia conviction was not for a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A) because it was neither for an offense enumerated in that Guideline nor for an offense that has as an element the use, attempted use, or threatened use of physical force against the person of another. Andino-Valenzulea asserts that the relevant Georgia statute requires that the perpetrator achieve certain harmful results but not necessarily through the use of force. *See* Ga. Code Ann. § 16-5-24(a). Additionally, Andino-Valenzulea disputes the government's contention that aggravated battery under Georgia law is sufficiently similar to the enumerated offense of aggravated assault as to constitute a crime of violence.

As Andino-Valenzulea did not object to the enhancement in the district court, we review for plain error. *See United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997). The determination of whether the district court plainly erred in enhancing a sentence depends on "how this court and other courts interpreted [the Guideline]" at the time of sentencing. *United States v. Garcia-Rodriguez,* 415 F.3d 452, 455 (5th Cir. 2005).

We have not previously decided whether a sentence may be enhanced on account of a prior conviction of aggravated battery under Georgia law or whether the Georgia crime of aggravated battery is sufficiently similar to the enumerated offense of aggravated assault as to constitute a crime of violence. Nor have the parties pointed us to any decisions of this court that compel a particular result in this case, such as decisions construing similar statutes of other states. Accordingly, given that the law of this circuit was uncertain at the time of Andino-Valenzulea's sentencing, any error in enhancing Andino-Valenzulea's sentence could not have been plain. *Id*. at 455-56.

AFFIRMED.