**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-51151
Summary Calendar

STEPHEN N LISSON

Plaintiff-Appellant

v.

A.L. MARK O'HARE; ASSET RESEARCH GROUP

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-114

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Stephen N. Lisson appeals the take-nothing judgment rendered against him in this action for copyright and trademark infringement and computer fraud. The district court entered judgment on the magistrate judge's recommendation after Lisson failed to file a timely objection to the magistrate judge's report. That recommendation had been entered after Lisson chose not to put on evidence of damages because he believed that the magistrate judge was required to recuse himself after his law clerk viewed publicly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accessible portions of Lisson's website, InsiderCV.com, which was the subject of Lisson's infringement and fraud claims.

If a case is assigned to a magistrate judge without a party's consent, as Lisson's was, that party is entitled to file objections within 10 days after receiving a copy of the magistrate judge's recommendation and to have those objections reviewed de novo by the district court. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). But a party's failure timely to file such written objection creates a bar to that party's "attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court," except for plain error, "provided that the party has been served with notice that such consequences will result from a failure to object." *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Lisson was served with such a notice. The plain error standard has application even if the district court has, as in Lisson's case, alternatively accepted the magistrate judge's recommendation on de novo review. *Id.* at 1429.

"To prevail on plain error review," a party must demonstrate an error that was clear or obvious, that the error affected his substantial rights, and that "the fairness, integrity, or public reputation of [his] judicial proceedings" would be seriously affected if the error were not corrected. *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir. 1997). "It is the unusual case that will present [plain] error." *Highlands Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh*, 27 F.3d 1027, 1032 (5th Cir. 1994).

An error is considered plain only if it is clear or obvious under existing law. *United States v. Olano*, 507 U.S. 725, 734 (1993). Whether entry of judgment on the magistrate judge's recommendation was plainly erroneous depends on how this court and other courts interpreted the law at the time the district court ruled. *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005). If the law was unsettled, any error by the district court would not be clear or readily apparent. *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997).

2

Lisson cites no case in which this court has made it plain that a judge must recuse himself simply because he or his law clerk has viewed a website that is the subject of default proceedings to prove damages. Although one case cited by Lisson, *Kennedy v. Great Atlantic & Pacific Tea Co.*, 551 F.2d 593, 596 (5th Cir. 1977), bears some superficial similarities to the facts in his case, it also presents significant differences. In *Kennedy*, a law clerk took a private view of evidence for purposes related to determining fault and then, on instruction of the district judge, communicated to defense counsel what he had seen, eventually resulting in (a) the district court's having to advise plaintiff of the viewing and of the ex-parte communication and (b) plaintiff's calling the clerk to testify. *See Kennedy*, 515 F.2d at 597. We held that "the potential for prejudice to the defendants' case was too great . . . to conclude that the . . . overruling of the defendants' motion to prohibit" the clerk from testifying before the jury "or, in the alternative, to disqualify [the district judge] from continuing in the trial was harmless error." *Id.* at 598-99. Here, however, there was no chance of prejudicing a jury, and Lisson adduced no admission or other proof that the law clerk ever related anything about the website to the magistrate judge other than the fact of his visit. Moreover, "[m]ere prior knowledge of some facts" germane to a suit "is not in itself necessarily sufficient to require disqualification." *United States v. Seiffert*, 501 F.2d 974, 978 (5th Cir. 1974).

Notably missing from Lisson's brief is any description of the damage he suffered, i.e., an explication of what of his was taken or otherwise harmed by the defendants. Section 455(b) dictates disqualification if the judicial officer has "personal knowledge of *disputed* evidentiary facts." § 455(b)(1) (emphasis added). Lisson has not shown what, if anything at all, about his website was disputed for purposes of a damages assessment. Consequently Lisson has not shown plain error. *See Garcia-Rodriguez,* 415 F.3d at 455; *Dupre*, 117 F.3d at 817.

AFFIRMED.