# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

Lyle W. Cayce
Clerk

No. 09-30054

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BEN DARANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10022-1

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ben Daranda was convicted on one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). The district court determined that Daranda's prior state convictions for child molestation required it to sentence Daranda to life imprisonment under 18 U.S.C. § 3559(e). Daranda appeals the imposition of a life sentence. Because the district court did not plainly err by applying 18 U.S.C. § 3559(e), we **AFFIRM**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30054

## FACTS AND PROCEEDINGS

In a superceding indictment, a grand jury charged Daranda with sexual exploitation of children in violation of 18 U.S.C. § 2251(a), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and the forfeiture of illicit materials pursuant to 18 U.S.C. § 2253. The government moved for dismissal of the child pornography charge, and Daranda proceeded to trial on the sexual exploitation of children charge. At trial, the government presented evidence that Daranda had taken sexually-explicit photographs of two fifteen-year-old girls in a public park after telling them that he was a photographer. The jury found Daranda guilty.  Daranda waived the right to a jury trial on the third charge of the indictment, and the district court subsequently entered a forfeiture order.

Prior to Daranda's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). The PSR calculated an offense level of 42 and a criminal history category of II, the combination of which resulted in a guidelines range of 360 months' imprisonment to life imprisonment. It also summarized Daranda's extensive history of state sex-crime convictions. In 1992, he was charged with two counts of sexual battery in Louisiana for attacking two female Louisiana State University (LSU) students after posing as a photographer.  He pleaded guilty to two counts of simple battery.

In 2000, he was charged with two counts of aggravated oral sexual battery and two counts of molestation of a juvenile in Louisiana after molesting two children, ages seven and nine.  The PSR stated that Daranda required the children to perform oral sex on him and to "manually masturbate him." He pleaded guilty in 2001 to a reduced charge of four counts of molestation of a juvenile and was given a suspended sentence of five years' imprisonment with

2

No. 09-30054

two years' probation. The PSR failed to note that Daranda entered his guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[1]

In 2004, Daranda was charged with sexual battery and with "enter/ Remain in Places/ on Land After Being Forbidden," again for sexually assaulting an LSU student after posing as a fashion photographer. Daranda pleaded guilty to simple battery and "Remaining After Being Forbidden," and was sentenced to probation. Finally, Daranda was charged in state court with two counts each of Pornography Involving Juveniles and Contributing to the Delinquency of Juveniles for the conduct at issue in the instant case. He pleaded guilty and was sentenced to a suspended sentence of two years' imprisonment and two years' probation.

The PSR noted that the 2001 convictions for child molestation may trigger a mandatory life sentence under 18 U.S.C. § 3559(e). Under § 3559(e), "[a] person who is convicted of a Federal sex offense"—including one under § 2251, the statute Daranda was convicted of violating in this case—"in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim." 18 U.S.C. § 3559(e)(2)(A). Daranda did not object to the PSR or to the application of § 3559(e). The district court adopted the PSR, found that § 3559(e) applied to Daranda, and sentenced Daranda to life imprisonment.

Daranda's judgment of conviction was entered on November 25, 2008. His *pro se* notice of appeal was untimely filed with the district court on January 22, 2009.

---

[1] In *Alford*, the Supreme Court allowed a defendant charged with capital murder to plead guilty to a lesser charge, which enabled him to avoid the death penalty, while maintaining his innocence. 400 U.S. at 37. "[A]n express admission of guilt," the Court explained, "is not a constitutional requisite to the imposition of criminal penalty." *Id.* "A defendant entering an *Alford* plea pleads guilty but affirmatively protests his factual innocence to the charged offense." *United States v. Harlan*, 35 F.3d 176, 180 n.1 (5th Cir. 1994).

No. 09-30054

**STANDARD OF REVIEW**

Daranda contends that the district court erred by enhancing his sentence pursuant to § 3559(e). Because Daranda did not object to the application of § 3559(e) at sentencing, this court's review is for plain error. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). Plain error occurs when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Id.* (quotation omitted). "If each of these conditions is satisfied, we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

**DISCUSSION**

**A. Untimely Notice of Appeal**

Daranda filed his notice of appeal after the ten-day deadline imposed by Federal Rule of Appellate Procedure 4(b)(1)(A)(i) (2008) and after the additional 30 days during which Rule 4(b)(4) (2008) allows a defendant to seek an extension based on good cause or excusable neglect. The government acknowledged the untimely filing but did not move for dismissal on that basis. The notice of appeal deadline in criminal cases is not jurisdictional and can be waived. *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam). Because the government waived this argument, we will review the merits of Daranda's claim. *See United States v. Ortiz*, 613 F.3d 550, 554 (5th Cir. 2010).

**B. Section 3559(e)**

Section 3559(e) requires a court to impose a life sentence on certain defendants who commit repeated sex offenses against minors. "A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." 18 U.S.C. § 3559(e)(1). The government contends that Daranda's state-law child

4

molestation convictions qualify as "prior sex conviction[s]" because each falls under the definition of "a State sex offense." *Id*. § 3559(e)(2)(C). This statute defines a "State sex offense" as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense" if it had occurred within federal jurisdiction. *Id*. § 3559(e)(2)(B).

Daranda argues that none of his child molestation convictions count as prior "State sex offense[s]" under § 3559(e)(2)(B) because LA. REV. STAT. ANN. § 14:81.2 criminalizes a broader array of conduct than that punished by any of the enumerated "Federal sex offenses."[2] Because the statutes are not congruent, he contends, the district court erred by finding that he committed a qualifying offense.

Daranda is correct that LA. REV. STAT. ANN. § 14:81.2 criminalizes a broader range of conduct than the enumerated federal statutes (18 U.S.C. §§ 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2422(b), and 2423(a)). Louisiana defines "molestation of a juvenile" as:

> [T]he commission by anyone over the age of seventeen of any lewd or lascivious act upon the person *or in the presence of* any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, *or by the use of influence by virtue of a position of control or*

---

[2] The statute defines "Federal sex offense" as:

> [A]n offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors).

18 U.S.C. § 3559(e)(2)(A).

No. 09-30054

*supervision over the juvenile.* Lack of knowledge of the juvenile's age shall not be a defense.

LA. REV. STAT. ANN. § 14:81.2 (emphases added).  The closest federal analogues to this statute are 18 U.S.C. §§ 2241 (aggravated sexual abuse) and 2242 (sexual abuse). Section 2241(c) punishes all "sexual acts"[3] with children under the age of twelve; § 2242(2) punishes "sexual acts" with a person "incapable of appraising the nature of the conduct" or "physically incapable of declining participation," but does not include an age requirement for the victim. Neither federal statute criminalizes a lewd or lascivious act that merely occurred "in the presence of" another individual, and neither necessarily punishes sexual abuse accomplished only "by the use of influence by virtue of a position of control or supervision over the juvenile" unless  the juvenile is under the age of twelve.

Daranda's indictment alone does not sufficiently demonstrate that Daranda's prior conviction was a predicate offense under the modified categorical approach.   Both child molestation counts listed in Daranda's indictment state that:

> [Daranda] did . . . commit a lewd or lascivious act upon a person who was under the age [of] (17) seventeen years with

---

[3] A "sexual act" is defined as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight [sic];
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

> the intention of arousing his sexual desires of either person, [sic] by the use of influence by virtue of a position of supervision over said child whose identity will be disclosed at trial, in violation of La.R.S. 14:81.2.

The indictment shows that Daranda was charged with performing "lewd or lascivious" acts upon the persons of his victims rather than "in the presence of" them. However, "lewd or lascivious acts" are not defined in the state statute and may not be congruent to some or all of the conduct proscribed by the listed "Federal sex acts."

The factual basis set forth at the hearing on Daranda's *Alford* plea indicated that the victims in question were his two stepdaughters aged seven and nine at the time. Daranda's PSR, to which he did not object, similarly stated that he made two children, ages seven and nine, perform oral sex on him and "manually masturbate him." This conduct falls under 18 U.S.C. § 2241(c), which punishes all "sexual acts" with children under the age of twelve. According to the undisputed facts in the PSR, Daranda's prior child molestation convictions fall under the definition of "a State sex offense," as they are "offense[s] under State law that [are] punishable by more than one year in prison and consist[] of conduct that would be a Federal sex offense" if they had occurred within federal jurisdiction. *Id.* §§ 3559(e)(2)(B)-(C).

Daranda argues that the district court's reliance on the undisputed PSR which mirrored in large part the factual basis underlying the *Alford* plea was plain error. Daranda also argues that the sentencing judge is forbidden from relying on the factual basis recited at his *Alford* plea colloquy under *Shepard v. United States*, 544 U.S. 13 (2005), because Daranda did not confirm the factual basis presented by the prosecutor. For an error to be plain, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (citation omitted); *see also United States v. Jackson*, 549 F.3d 963, 978 (5th Cir. 2008) ("'Plain' is synonymous with 'clear' or

No. 09-30054

'obvious,' and at a minimum, contemplates an error which was clear under current law."). "'Under plain error, if a defendant's theory requires an extension of precedent, any potential error cannot have been plain.'" *Jackson*, 549 F.3d at 977 (quoting *United States v. Garcia Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2003)). "There is no plain error if the legal landscape at the time showed the issue was disputed, even if . . . the district court turns out to have been wrong." *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).

Even if reliance on an undisputed PSR would be considered plain error, neither the precise conduct reached by § 3559(e) nor the effect of a factual basis underlying an *Alford* plea on this determination have been decided by this court. No circuit court has squarely decided how courts should determine whether a given state conviction is a prior sex conviction under § 3559(e). Because the juxtaposition of an *Alford* plea factual basis with the contours of the Louisiana statute in question judged against the requirements of 3559(e) is an open question under current law, no error could be clear or obvious; therefore, relief on plain error review is not available.

## CONCLUSION

The district court committed no plain error, and we **AFFIRM** Daranda's sentence.