# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCUS PATTERSON CAREY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-310-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcus Patterson Carey appeals the sentence imposed after his guilty-plea conviction for second-degree murder and attempted second-degree murder within the maritime and special jurisdiction of the United States, in violation of 18 U.S.C. §§ 1111 (murder) and 1113 (attempt to commit murder or manslaughter).  He contends the total prison term of 360 months, which

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-31126

exceeds the advisory Sentencing Guidelines range of 188 to 235 months' imprisonment, was procedurally and substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Carey contends the district court erred procedurally by refusing to consider mitigating evidence at sentencing, based on the understanding that the Government already considered the evidence during plea negotiations. He asserts the court made baseless assumptions about the plea negotiations, deferred its sentencing obligations to the Government, and did not consider the sentencing factors provided in 18 U.S.C. § 3553(a). Because Carey did not raise this issue in district court, review is for plain error only.

Under that standard, Carey must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The record establishes the Government negotiated a plea agreement under which Carey pleaded guilty to second-degree murder and attempted second-degree murder, instead of the original charges of first-degree murder and attempted first-degree murder. Further, the Government agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C) (parties' agreement on specific

2

sentence binding on district court if accepts plea agreement), to restrict the maximum prison term to 30 years, forgoing a possible sentence of life imprisonment or the death penalty.  Carey has not shown the district court committed clear or obvious error by considering the benefits Carey received as a result of the plea agreement.  *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005) ("[I]f any error was committed by the district court at sentencing, it was far from 'plain'".).  Also, the record reflects the court assessed the mitigating evidence and nonetheless concluded an upward departure was appropriate.

Next, Carey contends: the court erred procedurally in departing upwardly under Sentencing Guideline Policy Statement § 5K2.8 (extreme conduct), claiming:  his offenses did not involve extreme conduct; moreover, the court's factual findings did not support that his offenses were committed in a manner that warranted the departure.  He further asserts the extent of the departure was excessive.  "[W]e review the district court's decision to depart upwardly and the extent of the departure for abuse of discretion".  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (citation and internal quotation marks omitted).

The record supports the conclusion that the instant offenses involved extreme conduct.  *See* U.S.S.G. § 5K2.8.  Carey, without provocation and while the victims slept, attacked them without warning.  He struck them in the head multiple times with a hammer, mortally wounding one and severely injuring the other.  He then stabbed the victims repeatedly in the head and neck area with a knife, inflicting another fatal injury on the now-deceased victim and using such force on the surviving victim that the knife broke.  Also, Carey did not help the victims; instead, he prolonged their pain and delayed assistance, including pacing for up to 40 minutes, smoking cigarettes, and watching the

surviving victim as he bled.  He also asked the surviving victim whether he wanted to be choked "to end it sooner."  These facts support the district court's decision to depart upward.  The extent of the departure—which equaled a four-level increase and was 125 months above the advisory Guidelines range of 188 to 235 months—was similar to, or less severe than, departures we have affirmed.  *Cf. United States v. Smith*, 417 F.3d 483, 491–93 (5th Cir. 2005); *United States v. Saldana*, 427 F.3d 298, 312–13 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174–75 (5th Cir. 1995).  There was no abuse of discretion.

Finally, Carey contends his sentence was substantively unreasonable.  Relying on jurisprudence addressing non-Guidelines variances, Carey maintains the court did not account properly for his mitigation evidence, improperly gave significant weight to whether the Government considered the mitigation evidence in his plea deal, and clearly erred in balancing the sentencing factors.  Here, the court imposed a departure rather than a non-Guidelines variance.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (identifying distinction between variance and departure).  In any event, the record reflects the court considered the mitigation evidence, as both set forth in the presentence investigation report and detailed by Carey at sentencing; and Carey has not shown the court was barred from considering the plea deal he received.  Carey disagrees with the court's weighing of the § 3553(a) factors and asks this court to reevaluate the decision; but, given the deference due to a district court's assessment of those factors and its ultimate sentencing decision, Carey has not shown his sentence is substantively unreasonable.

AFFIRMED.

4