# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES MOWERY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CR-6-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

The district court revoked James Mowery's supervised release from his conviction for possessing child pornography after Mowery admitted to violating the special condition prohibiting him from possessing or using an Internet connection device except with prior approval and in connection with authorized employment. Mowery was sentenced to 11 months of imprisonment and five additional years of supervised release, in relation to which the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reimposed the same Internet-access special condition.  On appeal, Mowery argues that the Internet-access condition involves a greater deprivation of liberty than is reasonably necessary to fulfill the purposes of 18 U.S.C. § 3553(a) because it is not sufficiently tailored as to scope or duration.  Because Mowery did not raise this issue in the district court, we review the district court's decision for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although district courts have "wide discretion in imposing terms and conditions of supervised release," that discretion "is limited by 18 U.S.C. § 3583(d), which provides that a court may impose special conditions of supervised release only when the conditions meet certain criteria."  *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001).  Relevantly, "supervised release conditions cannot involve a greater deprivation of liberty than is reasonably necessary" to achieve the sentencing goals of § 3553(a).  *Id.*  To that end, restrictions on Internet use must be "narrowly tailored either by scope or by duration."  *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015).

Mowery cites no authority holding the Internet-access condition imposed here or a materially identical condition to be unreasonable in either scope or duration.  "That lack of binding authority is often dispositive in the plain-error context."  *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).  To the contrary, we have upheld both absolute but temporally limited Internet bans and less-than-absolute bans imposed for significantly longer periods.  *See Duke*, 788 F.3d at 399; *see, e.g., United States v. Miller*, 665 F.3d 114, 126-34 (5th Cir. 2011); *Paul*, 274 F.3d at 159-70.  The restriction on Mowery's Internet access is neither absolute nor indefinite.  *See Duke*, 788 F.3d at 399.  Insofar as Mowery contends that the additional authorized-employment restriction makes the condition here more onerous, he cites no binding precedent to that

No. 18-60158

effect.  *See Gonzalez*, 792 F.3d at 538; *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005).  Finally, his reliance on *Packingham v. North Carolina*, 137 S. Ct. 1730, 1733-38 (2018), is misplaced because "*Packingham* does not – certainly not 'plainly' – apply to the supervised-release context."  *See United States v. Halverson*, 897 F.3d 645, 658 (5th Cir. 2018).

At best, Mowery shows that the propriety of the Internet-access condition in this case is subject to reasonable dispute.  *See Puckett,* 556 U.S. at 135.  "By definition, that is not plain error."  *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012).  The judgment is AFFIRMED.