# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41159
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ALBERTO ESPARZA-CASILLAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-287-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Luis Alberto Esparza-Casillas pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and was sentenced to 41 months imprisonment. On appeal, Esparza-Casillas argues that the district court plainly erred in entering judgment against him under § 1326(b)(2). This

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41159

subsection applies to aliens who unlawfully reenter the United States after removal, and "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). The definition of "aggravated felony" includes a "crime of violence" for which the term of imprisonment is at least one year. *See* 8 U.S.C. § 1101(a)(43)(F). The term "crime of violence" is defined in 18 U.S.C. § 16.

Esparza-Casillas argues that his prior Texas conviction for aggravated assault is not an aggravated felony. We previously granted Esparza-Casillas's unopposed motion for summary affirmance on the grounds that his argument was foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc). The Supreme Court vacated our judgment and remanded for reconsideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Dimaya* held that the definition of a crime of violence in 18 U.S.C. § 16(b) is unconstitutionally vague. *Id.* at 1223. On remand, the parties dispute whether Esparza-Casillas's prior conviction nonetheless qualifies as a crime of violence under 18 U.S.C. § 16(a).

The parties agree that our review is for plain error because Esparza-Casillas did not preserve this issue before the district court. We will find plain error only if, among other factors, the district court made a "clear or obvious" error. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). "We have explained that 'if a defendant's theory requires the extension of precedent, any potential error could not have been plain.'" *United States v. Urbina-Fuentes*, 900 F.3d 687, 696 (5th Cir. 2018) (quoting *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005)). The caselaw on Texas aggravated assault is not settled, and Esparza-Casillas has not shown that the district court

2

No. 16-41159

committed a clear or obvious error in this case.[1] *See United States v. Perez-de Leon*, No. 15-40761, 2018 WL 6118685, at \*4 (5th Cir. Nov. 20, 2018); *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015). The judgment of conviction is AFFIRMED.

---

[1]     Our plain error analysis does not rest on this court's recent en banc decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018). We thus do not address Esparza-Casillas's alternative argument that applying *Reyes-Contreras* to his case would violate due process.