# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY COURTNEY,

Defendant - Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-117-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Timothy Courtney challenges the 210-month sentence imposed following his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of cocaine base and methamphetamine, in violation of 21 U.S.C. § 844(a).

Courtney was sentenced under the Armed Career Criminal Act (ACCA); its enhanced penalties apply if defendant has at least three prior convictions

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30053

for either serious drug offenses or violent felonies.  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that, *inter alia*, "is burglary, arson, or extortion, [or] involves use of explosives".  18 U.S.C. § 924(e)(2)(B).

Courtney raises the following issues:  (1) his sentence is unconstitutional because a judge, rather than a jury, characterized his prior Louisiana convictions for simple burglary of an inhabited dwelling as ACCA-predicate violent felonies; (2) the simple burglary convictions were adjudicated on the same day and should not have been considered separate offenses under the ACCA; and (3) the court erred in determining Louisiana simple burglary of an inhabited dwelling is generic burglary and, therefore, a violent felony for purposes of the ACCA.

As "legal conclusions underlying the sentencing court's application of the ACCA", the first two issues Courtney raises are reviewed *de novo*.  *United States v. Hawley*, 516 F.3d 264, 269 (5th Cir. 2008) (citations omitted).  Precedent, however, forecloses both claims.

First, the Supreme Court, in *Almendarez-Torres v. United States*, held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  523 U.S. 224, 226–27, 239–47 (1998).  Although the Court subsequently held that facts increasing the statutory maximum or minimum sentence must be admitted by defendant or presented to a jury and proved beyond a reasonable doubt, *see Alleyne v. United States*, 570 U.S. 99, 108 (2013), a sentencing enhancement based on the fact of a prior conviction remains an exception to this rule.  *See id.* at 111 n.1; *Apprendi v. New Jersey*, 530 U.S. 466, 489–90 (2000).  Our court has also held that later Supreme Court decisions did not overrule *Almendarez-Torres*.  *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (noting the

Supreme Court explained that *Alleyne* did not overrule *Almendarez-Torres* and holding "[i]t is well established that '*[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt*'" (emphasis in original) (quoting *United States v. Akins*, 746 F.3d 590, 611 (5th Cir. 2014)).

Second, Courtney concedes his assertion the simple burglary convictions should not have been considered separate offenses is foreclosed by our precedent in *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). He asks us to reconsider this precedent, however, in the light of the "apparent injustice in this situation", contending he was not advised that his decision to resolve multiple charges on the same day would result in an enhanced sentence more than two decades later.

"It is well established in this circuit that '[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of [the ACCA].'" *United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006) (per curiam) (quoting *Ressler*, 54 F.3d at 259). Absent an intervening decision by our *en banc* court or the Supreme Court that contradicts or supersedes the current rule, this panel must adhere to these prior decisions. *E.g., Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citation omitted).

Because Courtney did not raise his third issue in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Courtney must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the

No. 19-30053

reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

We need not reach the issue of whether the court erred in classifying Courtney's prior convictions as violent felonies, because Courtney cannot show that any such error would be clear or obvious. "We ordinarily do not find plain error when we have not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted). To that end, our court has declined to find plain error where, *inter alia*, "this court's law was unsettled". *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005). Because we have no settled law addressing the precise issue Courtney presents, he cannot show the court committed the requisite clear or obvious error.

AFFIRMED.